FILED
Mar 16, 2020
02:12 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| **Jack Riad,** | )    **Docket No. 2019-06-0652** |
|        **Employee,** | ) |
| | ) |
| | )    **State File No. 52406-2018** |
| **v.** | ) |
| **Marriott International, Inc., dba** | ) |
| **Gaylord Opryland,** | )    **Judge Kenneth M. Switzer** |
|        **Self-Insured Employer.** | ) |
| | ) |

## EXPEDITED HEARING ORDER

Jack Riad worked long hours on his feet in housekeeping/ maintenance at the Opryland Hotel, a Marriott property. He sought benefits for an ankle injury, which Marriott denied asserting that he did not provide timely notice and filed his petition outside the one-year period allowed by law. For the reasons below, the Court finds he is not likely to prevail at a hearing on the merits regarding the timely filing of his claim. The Court denies benefits at this time, but refers the case to the Compliance Program for consideration of the imposition of penalties against Marriott.

### History of Claim

Mr. Riad started working for Marriott in 2014 in housekeeping as a "runner," assisting with special maintenance projects. He testified that the job required him to walk often and move furniture from room to room. His right ankle began to hurt, and the pain became severe after working on March 28, 2017.[1]

Mr. Riad sought treatment on his own and took three days off. He went to work the following Monday, April 3, but the pain remained. Mr. Riad returned to the doctor the next day. On Wednesday, April 5, he discussed the injury and doctor visit with his

---

[1] Mr. Riad testified with the assistance of a certified court interpreter.

supervisor, Ilhan Malika. According to Mr. Riad, she questioned why he discussed the injury as being work-related with the doctor, because he did not report the injury to security when it happened, and she could not make the report now. According to his affidavit, Ms. Malika said the injury was not related to work since it was not "apparent... [s]uch as breakage or injury and blood, so that you can bring security."

Ms. Malika or Marriott's adjuster did not complete a First Report of Injury at that time, nor did they offer a panel or make a determination regarding compensability. Instead, according to Mr. Riad, Ms. Malika recommended that he apply for short-term disability benefits.

Mr. Riad did not take that advice. He continued working and treating on his own. However, the pain remained, causing him to call in sick often, especially after busy times for the hotel such as the holidays. By April 2018, he testified he had used all his sick leave and feared losing his job. He went to the doctor on April 6, 2018, and received work restrictions, which he brought to Marriott's human resources. Mr. Riad's affidavit states that on April 9, 2018, he again spoke with Ms. Malika, who suspended him from work. He was "transferred to HR" and "given family leave." Mr. Riad said Marriott refused to accommodate his restrictions.

After family leave, he received short-term disability benefits from April 17 until October 15, 2018. Mr. Riad's application for short-term disability benefits asked if the disability occurred while at work. He wrote, "[Y]es. About a year ago, as a result of walking a lot[.]" The application additionally asked whether he believed the injury was caused by work. The application reads "no," but Mr. Riad testified that he did not write that answer. Rather, "Jackie" in human resources filled it out.

A few months later, Marriott's adjuster, Christina Cannon, completed a First Report of Injury. The report describes the injury as "pain in foot and ankel [sic] is due to walking while at work." The form is dated July 10, 2018. Marriott denied the claim that same day. Ms. Cannon's affidavit states that Mr. Riad reported the injury on July 5, 2018.

Mr. Riad filed a petition for benefit determination on March 29, 2019.

**Findings of Fact and Conclusions of Law**

Mr. Riad must show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The Court first addresses Marriott's notice defense. Tennessee Code Annotated section 50-6-201(a)(1) requires that an injured employee give written notice of an injury

2

within fifteen days unless it can be shown that the employer had actual knowledge.

Marriott contended that Mr. Riad failed to provide timely notice of his injury because he did not report the injury or request medical treatment until July 10, 2018. Mr. Riad testified that he reported the injury to Ms. Malika on April 5, 2017. Marriott relied on Ms. Cannon's affidavit to rebut Mr. Riad's testimony.

When assessing witness credibility, the Tennessee Supreme Court instructed trial courts to consider whether a witness is "calm or agitated, at ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased." *Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014). The Court finds Mr. Riad was calm, at ease, self-assured, steady, confident and forthcoming. Ms. Cannon's affidavit states that he gave notice on July 5, 2018. The Court gives Mr. Riad's testimony greater weight than Ms. Cannon's.

Ms. Cannon's affidavit is silent about any conversations between Mr. Riad and Ms. Malika. Ms. Cannon is not qualified to make a legal conclusion regarding notice. More importantly, Ms. Malika did not testify. Tennessee law supports a finding that the failure of a party to call a witness peculiarly within its power to produce, and whose testimony "would naturally be favorable" to it, "creates an adverse inference that the testimony would not favor his contentions." *State v. Middlebrooks,* 840 S.W.2d 317, 334 (Tenn. 1992). The Court finds that Mr. Riad gave actual notice to Ms. Malika on April 5, 2017, and rejects this defense.

The Court further finds that Marriott did not file a First Report of Injury or make a determination about compensability in the months after he initially reported this injury in April 2017. Rather, Marriott waited until July 10, 2018, to complete these forms, after Mr. Riad attempted to report the injury again in April 2018.

Marriott's other defense is that the statute of limitations bars Mr. Riad's claim. Tennessee Code Annotated section 50-6-203(b)(1) provides that "[i]n instances when the employer has not paid workers' compensation benefits . . . the right to compensation . . . shall be forever barred, unless the notice required by § 50-6-201 is given to the employer and a petition for benefit determination is filed with the bureau . . . within one (1) year after the accident resulting in injury."

Applying these principles, Mr. Riad testified that he became injured on March 28, 2017. As found above, he gave actual notice under section 50-6-201 on April 5, 2017. He filed his petition on March 29, 2019, past the one-year period to file after the alleged injury date. The Court holds he is unlikely to prevail at a hearing on the merits that he filed within one year of the injury.

As a final matter, the Court is concerned that Marriott might have violated three

3

rules for handling claims.

First, Tennessee Compilation Rules and Regulations 0800-2-14-.03(1) (October, 1999) provides: "In order to ensure that Workers' Compensation claims are acted on promptly, employers shall report verbally or in writing all known or reported accidents to their insurer within one working day of knowledge of injury." Here, Ms. Malika had knowledge of the alleged injury on April 5, 2017. However, Ms. Cannon did not file a First Report of Injury until July 2018. It appears to the Court that Ms. Malika did not report Mr. Riad's alleged injury within one working day of their conversation in April 2017, perhaps due to her flawed belief that an injury must be "apparent" to trigger this requirement. This question warrants further investigation.

Second, the rules read, "Decisions on . . . compensability shall be made within fifteen (15) days of verbal or written notice of accident. All pertinent documents of the [Bureau] of Workers' Compensation shall be filed within fifteen (15) days of verbal or written notice of accident." Tenn. Comp. R. & Regs. 0800-2-14-.04(7). Mr. Riad did not receive notice of the denial within fifteen days of reporting the injury on April 5, 2017. Rather, he received the notice in July 2018, more than sixteen months later. The question warrants further investigation.

Third, Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) reads, "[In] any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." The Court finds that Marriott failed to offer a panel. This question also warrants further investigation.

For these reasons, the Court refers this case to the Compliance Program to consider the imposition of penalties.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Riad's request for medical and temporary disability benefits is denied at this time.

2. This case is set for a scheduling hearing on **May 11, 2020, at 9:00 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without the party's participation.

3. The Court refers this case to the Compliance Program to consider the imposition of penalties as outlined above.

4

**ENTERED March 16, 2020.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Mr. Riad
2. First Report of Injury
3. Notice of Denial
4. Medical records-submitted by Employer
5. Restrictions-submitted by Employee
6. Medical records filed by Employee (Identification only)
7. Paystub
8. Affidavit of Christina Cannon
9. Wage statement

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice and Employer's additional issues
3. Show Cause Order
4. Employer's Motion to Dismiss
5. Request for Expedited Hearing
6. Employer's Motion to Exclude/Quash/Strike
7. Employee's Response to Motion to Strike
8. Order on Show-Cause Hearing
9. Employer's Expedited Hearing Position Statement
10. Employer's Motion in Limine

5

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on March 16, 2020.

| Name | Certified Mail | Regular Mail | Email | Sent to |
|------|------|------|------|------|
| Jack Riad, self-represented employee | X | | X | matthew_jack74@yahoo.com 3140 Hamilton Church Road, Apt. 209 Antioch TN 37013 |
| Travis Ledgerwood, Nick Akins, employer's attorneys | | | X | tledgerwood@morganakins.com nakins@morganakins.com |

Penny Shrum, Court Clerk
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*